```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X

ROBERT SOLOMON,                     :

                 Plaintiff,         :
                                         10 Civ. 1886 (BSJ)(HBP)
     -against-                      :
                                         MEMORANDUM OPINION
PEPSI-COLA BOTTLING COMPANY         :    AND ORDER
OF NEW YORK, INC.,
                                    :
                 Defendant.
                                    :
-----------------------------------X
```

        PITMAN, United States Magistrate Judge:

        By notice of motion dated February 17, 2011 (Docket Item 12) plaintiff moves for pro bono counsel.[1]  For the reasons set forth below, the motion is denied without prejudice to renewal.

        The factors to be considered in ruling on a motion for pro bono counsel are well settled and include "the merits of

---

[1] In a civil case, such as this, the Court cannot actually "appoint" counsel for a litigant.  Rather, in appropriate cases, the Court submits the case to a panel of volunteer attorneys.  The members of the panel consider the case, and each decides whether he or she will volunteer to represent the plaintiff.  If no panel member agrees to represent the plaintiff, there is nothing more the Court can do.  See generally Mallard v. United States District Court, 490 U.S. 296 (1989).  Thus, even in cases where the Court finds it is appropriate to request volunteer counsel, there is no guarantee that counsel will actually volunteer to represent plaintiff.

plaintiff's case, the plaintiff's ability to pay for private counsel, [plaintiff's] efforts to obtain a lawyer, the availability of counsel, and the plaintiff's ability to gather the facts and deal with the issues if unassisted by counsel." Cooper v. A. Sargenti Co., 877 F.2d 170, 172 (2d Cir. 1989).  Of these, the merits are "[t]he factor which command[s] the most attention."  Id.; accord Morgan v. Heart, 09 Civ. 8984 (CM), 2010 WL 1645118 at *1 (S.D.N.Y. Apr. 16, 2010) (McMahon, D.J.).  As noted by the Court of Appeals:

> Courts do not perform a useful service if they appoint a volunteer lawyer to a case which a private lawyer would not take if it were brought to his or her attention.  Nor do courts perform a socially justified function when they request the services of a volunteer lawyer for a meritless case that no lawyer would take were the plaintiff not indigent.

Cooper v. A. Sargenti Co., supra, 877 F.2d at 174; see also Hendricks v. Coughlin, 114 F.3d 390, 392 (2d Cir. 1997) ("'In deciding whether to appoint counsel . . . the district judge should first determine whether the indigent's position seems likely to be of substance.'"), quoting Hodge v. Police Officers, 802 F.2d 58, 61-62 (2d Cir. 1986).

> The Court of Appeals for the Second Circuit has
>
> stated in various ways the applicable standard for assessing the merits of a pro se litigant's claim.  In Hodge, [the court] noted that "[e]ven where the claim is not frivolous, counsel is often unwarranted where the indigent's chances of success are extremely slim,"

2

>     and advised that a district judge should determine
>     whether the pro se litigant's "position seems likely to
>     be of substance," or showed "some chance of success."
>     Hodge, 802 F.2d at 60-61 (internal quotation marks and
>     citation omitted).  In Cooper v. A. Sargenti Co., [the
>     court] reiterated the importance of requiring indigent
>     litigants seeking appointed counsel "to first pass the
>     test of likely merit."  877 F.2d 170, 173 (2d Cir.
>     1989) (per curiam).

Ferrelli v. River Manor Health Care Ctr., 323 F.3d 196, 204 (2d Cir. 2003).

Although the facts currently available to me are extremely limited, based on these limited facts, I conclude that plaintiff has not demonstrated that his case has sufficient merit to be submitted to the Court's Pro Bono Panel.  The is an employment discrimination action brought under the Americans with Disabilities Act ("ADA"), U.S.C. §§ 12112-17.  Plaintiff identifies his disability as "drug addiction" (Complaint § II(D)) and claims that his employer failed to accommodate his disability (Complaint § II(A)).  Plaintiff's complaint does not identify the accommodation sought.  The EEOC's "right-to-sue" letter provides a few additional details.  According to the right-to-sue letter, plaintiff advised his supervisor in January 2006 that he suffered from drug addiction, but the supervisor provided no help.  It further states that in 2007, plaintiff attended an out-patent drug program; it does not state how much time plaintiff required in order to attend this program, the duration of his attendance

or whether he completed the program successfully. It further appears from this letter that plaintiff was terminated in August 2008 as a result of excessive absenteeism.

The ADA provides only limited protection to individuals who suffer from drug or alcohol addiction.

> In the context of drug and alcohol addiction, the ADA specifically provides that the term "individual with a disability" does not include an individual who is currently engaging in the illegal use of drugs, or whose current use of alcohol prevents the individual from performing the duties of the job in question. 29 U.S.C. §§ 705(20)(C)(i) & 705(20)(C)(v). It also provides, however, that the exclusion for current drug users does not extend to an individual who has successfully completed, or is in the process of completing, "a supervised drug rehabilitation program and [who] is no longer engaging in the illegal use of drugs, or has otherwise been rehabilitated successfully and is no longer engaging in such use." 29 U.S.C. §§ 705(20)(C)(ii)(I) & 705(20)(C)(ii)(II). "The import of these provisions . . . is that drug addiction, like alcoholism, is recognized as a disease that can be disabling, but that current drug use disqualifies a person from protection under [the ADA]." Gilmore v. Univ. of Rochester Strong Mem'l Hosp. Div., 384 F. Supp. 2d 602, 611 (W.D.N.Y. 2005) (citing Regional Econ. Cmty. Action Program, Inc. v. City of Middletown, 294 F.3d 35, 46 (2d Cir. 2002)).

Robertson v. Amtrak/National R.R. Passenger Corp., 400 F. Supp. 2d 612, 622-23 (S.D.N.Y. 2005) (Chin, D.J.). Thus, an individual who as actively engaged in the illegal use of drugs is not within the coverage of the ADA. 29 U.S.C. §§ 705(20)(C)(ii)(I) & 705(20)(C)(ii)(II).

4

Based on the limited facts currently available to me, I cannot determine whether plaintiff was still illegally using drugs at the time of the allegedly discriminatory treatment. If he was, it appears that he may have no claim.

Accordingly, for all the foregoing reasons, plaintiff's application to have his case added to the list of cases circulated to the Court's Pro Bono Panel is denied without prejudice to renewal. In any renewed application, plaintiff should address what accommodation he sought from his employer, whether he was actively involved in the use of illegal drugs at the time of the allegedly discriminatory treatment, the nature of the adverse employment action he is alleging and any other facts that explain why his case has sufficient merit to warrant submission to the Court's Pro Bono Panel.

Dated: New York, New York
       April 25, 20011

SO ORDERED

HENRY PITMAN
United States Magistrate Judge

Copies mailed to:

Mr. Robert Solomon
Apt. 101
1952 2nd Avenue
New York, New York  10029

Anthony A. Mingione, Esq.
Blank Rome LLP
405 Lexington Avenue
New York, New York   10174

Anthony B. Haller, Esq.
Blank Rome, LLP
One Logan Square
130 North 18th Street
Philadelphia, Pennsylvania   19103